United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-13289-djb |
| Nathan N. Thomas | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 23, 2026 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 25, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nathan N. Thomas, 3047 North 22nd Street, Philadelphia, PA 19132-1514 |
| 15040887 | + | Veronica Thomas, 3047 North 22 Street, Philadelphia, PA 19132-1514 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 25, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 23, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | |
| | on behalf of Creditor HSBC Bank USA  National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2 andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| ANDREW L. SPIVACK | |
| | on behalf of Creditor HSBC Bank USA  National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Cert andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| CORINNE SAMLER BRENNAN | |
| | on behalf of Creditor TruMark Financial Credit Union cbrennan@klehr.com  scmcginly@klehr.com;nyackle@klehr.com |
| JORDAN MATTHEW KATZ | |
| | on behalf of Creditor The Bank of New York Mellon jkatz@raslg.com |
| KENNETH E. WEST | |
| | ecfemails@ph13trustee.com  philaecf@gmail.com |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 23, 2026 | Form ID: pdf900 | Total Noticed: 2 |

MATTHEW K. FISSEL
  on behalf of Creditor Wilmington Trust  NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset
  Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-5, Mortgage Pass-Through Certificate
  bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

MEGAN N. HARPER
  on behalf of Creditor CITY OF PHILADELPHIA megan.harper@phila.gov  Edelyne.Jean-Baptiste@Phila.gov

MICHAEL D. SAYLES
  on behalf of Debtor Nathan N. Thomas midusa1@comcast.net  midusa1@outlook.com

MICHELLE L. MCGOWAN
  on behalf of Creditor Wilmington Trust  NA, Successor Trustee to Citibank, N.A., as Trustee f/b/o Holders of Structured Asset
  Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-5, Mortgage Pass- Through Certificat mimcgowan@raslg.com

MICHELLE L. MCGOWAN
  on behalf of Creditor Wilmington Trust  NA, successor trustee to Citibank, N.A., as Trustee f/b/o holders of Structured Asset
  Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2006-5, Mortgage Pass-Through Certificate mimcgowan@raslg.com

ROBERT BRIAN SHEARER
  on behalf of Creditor Wilmington Trust  N.A. rshearer@raslg.com

SARA ELIZABETH SWIETNICKI
  on behalf of Creditor The Bank of New York Mellon as Trustee for CWABS  Inc. Asset-Backed Certificates, Series 2005-11
  sswietnicki@raslg.com

SHERRI DICKS
  on behalf of Creditor The Bank of New York Mellon sdicks@raslg.com  shrdlaw@outlook.com

SHERRI DICKS
  on behalf of Creditor Deutsche Bank National Trust Company sdicks@raslg.com  shrdlaw@outlook.com

United States Trustee
  USTPRegion03.PH.ECF@usdoj.gov

WILLIAM J LEVANT
  on behalf of Creditor Philadelphia Federal Credit Union efile.wjl@kaplaw.com  wlevant@gmail.com


TOTAL: 16

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>NATHAN N. THOMAS<br>    Debtor | Case No. 25-13289-djb |
| HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2,<br>    Movant<br><br>vs.<br>NATHAN N. THOMAS<br>    And<br>VERONICA M. THOMAS,  (NON-FILING CO-DEBTOR)<br>    Respondents | Chapter 13<br><br><br><br>11 U.S.C. §362 and §1301 |

**ORDER**

    **AND NOW**, this _____ day of _____           ,   2026,   it   is   hereby
**ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an
Order of this Court.

**Date: March 23, 2026**

_____
Derek J Baker
BANKRUPTCY JUDGE

NATHAN N. THOMAS
3047 NORTH 22ND STREET
PHILADELPHIA, PA 19132

MICHAEL D. SAYLES
PO Box 11222
Elkins Park, PA 19027

VERONICA M. THOMAS
3047 NORTH 22ND STREET
PHILADELPHIA, PA 19132

KENNETH E. WEST

190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street Suite 320
Philadelphia, PA 19107

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>NATHAN N. THOMAS<br>    Debtor | Case No. 25-13289-djb |
| | Chapter 13 |
| HSBC Bank USA, National Association, as Trustee<br>for Nomura Home Equity Loan, Inc., Asset-Backed<br>Certificates, Series 2006-FM2,<br>    Movant | |
| vs.<br>NATHAN N. THOMAS<br>    And<br>VERONICA M. THOMAS,  (NON-FILING<br>CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF**
**FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2, and MICHAEL D. SAYLES, Esquire, counsel for the Debtor, as follows:

1.    The Automatic Stay as provided by Section 362 and Section 1301 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.    This Stipulation pertains to the property located at 3047 NORTH 22ND ST, Philadelphia, PA 19132, mortgage account ending with "3340".

3.    The parties agree that the total post-petition arrearage consists of two (2) monthly payments for the months of January, 2026 through February, 2026 at $485.84 each, legal fees in the amount of $1,350.00, court costs in the amount of $199.00, less suspense in the amount of $31.64, resulting in the total post-petition arrearage amount of $2,489.04.  The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1.  The Secured Creditor does not waive it's right to collect these amounts.

4.    Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned

post-petition delinquency in the amount of $2,489.04. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5.      The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $8,193.38 and aforementioned post-petition delinquency in the amount of $2,489.04 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is $10,682.42.

6.      Debtor agrees to remain current post-petition from this day forward. Beginning March 1, 2026 in the amount of $485.84, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to PHH Mortgage, Attn: SBRP / P.O. Box 24781, West Palm Beach, FL 33416.

7.      If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8.      Should the Debtor fail to amend the Chapter 13 Plan within ten (10) days from the date this Stipulation is approved by the Court, or fails to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9.      In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

10.  Debtor's tendering of a check to PHH MORTGAGE CORPORATION, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11.  The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12.  The parties agree that a facsimile signature shall be considered an original signature.

Dated: February 18, 2026     /s/ Andrew Spivack
                  Andrew Spivack, Esquire
                  Attorney for Movant

*Michael D. Sayles*
_____
MICHAEL D. SAYLES, Esquire
Attorney for Debtor

No Objection – Without Prejudice to Any Trustee Rights or Remedies

/s/ Kenneth E. West
_____
KENNETH E. WEST, Esquire
Trustee